**Entered on Docket**
**June 16, 2009**

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

JEFFREY G. SLOANE, ESQ.
Nevada Bar No. 000784
KRAVITZ, SCHNITZER, SLOANE
JOHNSON & EBERHARDY, CHTD
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
(702) 222-4143
JSloane@kssattorneys.com
Attorney for Creditor/Movant
FORD MOTOR CREDIT

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | In Proceedings Under Chapter 13 |
| RICHARDO G. VAZQUEZ and DEBRA L. VAZQUEZ | BK-S-09-11837-bam |
| Debtors. | Date: N/A |

**STIPULATED ORDER FOR ADEQUATE PROTECTION PAYMENTS AND AMORTIZED PLAN PAYMENTS TO BE PAID BY AND THROUGH THE TRUSTEE**

IT IS HEREBY STIPULATED AND AGREED by and between RICHARDO G. VAZQUEZ and DEBRA L. VAZQUEZ , (hereinafter referred to as "Debtors"), and their attorney, ERIK C. SEVERINO, ESQ., the Trustee, RICK A.YARNALL , and Jeffrey G. Sloane, Esq. of the law firm of Kravitz, Schnitzer, Sloane, Johnson & Eberhardy, Chtd., by and on behalf of Creditor, FORD MOTOR CREDIT, (hereinafter referred to as "Creditor"), that:

WHEREAS the Creditor maintains a purchase money security interest in a 2006 FORD EXPEDITION, VIN 1FMPU13596LA39429; and,

WHEREAS the Debtors has an interest in and wishes to retain possession of said Vehicle pursuant to a Retail Contract and Security Agreement dated on or about April 07, 2006, entered into between the Debtors and the Creditor;

NOW, THEREFORE, IT IS STIPULATED AND AGREED, that:

(1) The Chapter 13 Plan shall pay the Creditor $12,650.00 at 5.25% interest, said interest to commence and accrue from the date of filing.

(2) The Creditor shall be paid adequate protection payments in the amount of $127.00 per month for nine (9) months by and through the Trustee, commencing on or before March 20, 2009, and on the 20th day of each month thereafter. The Trustee shall pay the Creditor amortized plan payments commencing December 20, 2009, in the amount of $262.89 per month for fifty one (51) months, or until such time as the balance due and owing has been paid in full. The Trustee shall not be precluded from disbursing a greater sum per month in the event that the circumstances may so allow. The Trustee, upon receiving the Order for Adequate Protection and Amortized Plan Payments, shall disburse said payments to the Creditor at the following address:

FORD MOTOR CREDIT
Acct. No. 40543830
DRAWER 55-953
P.O. BOX 55000
DETROIT, MI 48255-0953

(3) The Debtors shall maintain continuous property damage insurance on said Vehicle, in the sum sufficient to protect the Creditor's security interests for a period of time not less than and equal to the extinguishment of the Creditor's lien interest as to said Vehicle. Furthermore, at all times that the Creditor maintains a lien on said Vehicle, the Creditor shall be designated as the Loss

Payee Beneficiary under the insurance policy maintained by the Debtors.

(4)    The fair market value of the Vehicle identified in the declarations hereinabove is $12,650.00.

(5)    That upon dismissal or conversion, any monies held by the Trustee as adequate protection payments or amortized plan payments shall be disbursed to the Creditor.

(6)    The Creditor will continue to receive the $127.00 per month payments as and for adequate protection payments until such time as disbursements are made to the secured creditors pursuant to a confirmed Plan.

(7)    The Debtors shall make timely Plan payments to the Trustee.

(8)    Should the Debtors fail to timely make adequate protection payments as set forth hereinabove; allow the insurance to lapse in contravention to the terms set forth hereinabove; fail to make timely Plan payments as set forth hereinabove; or encumber said vehicle and thereby affect the Creditor's lien; and subject to fifteen (15) days written notice to the Debtors and Debtors's counsel to cure said default, the Creditor may submit to the Court an Ex Parte Order Lifting Stay.

(9)    That a conversion of this case to a Chapter 7 case shall be considered a breach of this order and subject to a 15-day notice to cure all the existing contractual arrearages due and owing.  This shall not constitute a waiver of either parties rights of conversion, or right to redeem pursuant to 11 U.S.C. §722 of the bankruptcy code.

(10)    In the event the Debtors cure the delinquency pursuant to the 15-day notice, the Debtors shall pay the Creditor $100.00, along with the payment of the delinquency, as and for attorney's fees for having to send the 10-day notice to the Debtors and/or Debtors counsel.

(11)    Should the stay be terminated, the Debtors shall immediately surrender the above-described Vehicle to the Creditor.

to the contrary as set forth in the Confirmation Order and Plan.

    (13)    Unless and until the Debtors violate any of the contingencies contained herein, the automatic stay shall remain in effect.

DATED this _11_ day of _June_, 2009.

KRAVITZ, SCHNITZER, SLOANE
JOHNSON & EBERHARDY, CHTD.


BY_____
JEFFREY G. SLOANE, ESQ.
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123
Attorney for Creditor



BY_____
ERIC C. SEVERINO, ESQ.
Bankruptcy Helpers, Inc.
430 W. First Street, Ste. 101
Tempe, AZ 85281
Attorney for Debtors

APPROVED AS TO FORM/CONTENT:


BY_____ 6-4-09
RICK A. YARNALL, TRUSTEE
701 Bridger Ave., #820
Las Vegas, NV 89101




# # #